# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
## Civil Case No. 2:13-cv-00049-MR
## [Criminal Case No. 2:08-cr-00028-MR]

| | |
|---|---|
| RODNEY LAMAR SELF, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate Judgment or Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 3] and on the parties' Joint Motion to Hold Case in Abeyance [Doc. 2]. For the reasons that follow, this § 2255 motion must be dismissed as an unauthorized, successive motion. See 28 U.S.C. § 2255(h).

## I. BACKGROUND

On August 5, 2008, Petitioner was indicted by the grand jury in this district on one count of being a felon in possession of a firearm, in violation 18 U.S.C. § 922(g)(1). [Criminal Case No. 2:08-cr-00028-MR, Doc. 1: Indictment]. Petitioner was appointed counsel during his initial appearance

before the Magistrate Judge and on October 1, 2008, Petitioner entered into a written plea agreement with the Government.

In the agreement, Petitioner was informed of the maximum penalty for conviction on the § 922(g) charge, and he was further informed that if he had three prior convictions in any court for a violent felony or serious drug offense, he would be subject to a maximum term of life imprisonment, and a minimum term of 15-years' imprisonment pursuant to 18 U.S.C. § 924(e)(1). [Id., Doc. 12: Plea Agreement ¶ 2].

On October 3, 2008, Petitioner appeared with counsel before the Court for his Rule 11 colloquy. The terms of the plea agreement were reviewed in open court. In particular, the Court reviewed the minimum 15-year sentence that Petitioner faced if he had three prior convictions for a violent felony or a serious drug offense and he admitted that he understood this penalty. The Court accepted Petitioner's guilty plea after finding that it was both knowingly and voluntarily entered.

A presentence report (PSR) was prepared in advance of Petitioner's sentencing hearing. In the PSR, the probation officer identified eight (8) counts of armed robbery for which Petitioner had been convicted: seven counts were sustained in Whitfield County, Georgia, on January 24, 1985, and the eighth count was sustained in Bibb County, Georgia, on October 2,

1992. [Id., Doc. 17: PSR ¶¶ 4, 28, 29]. Based on these prior convictions for armed robbery, the probation officer recommended finding that Petitioner qualified as an armed career criminal (ACC) under the provisions of 18 U.S.C. § 924(e) (Armed Career Criminal Act), and U.S.S.G. § 4B1.4. Petitioner filed an objection to this recommendation, contending that he only had two prior qualifying convictions for violent felonies. Petitioner reasoned that because his seven armed robbery convictions were consolidated into one count for sentencing they should be counted as only one conviction. The probation officer responded that the seven prior armed robbery convictions were properly considered in determining Petitioner's ACC status because the seven armed robberies, for which he was sentenced on January 24, 1985, were all committed on occasions different from one another. [Id. at 16-17 (citing U.S.S.G. § 4B1.4, cmt. n.1)(2008)].

On March 25, 2009, Petitioner appeared before the Honorable Lacy H. Thornburg for his sentencing hearing. Petitioner's objection to the ACC designation was overruled and he was sentenced to the mandatory-minimum of 15-years' imprisonment.[1] Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit, challenging the

---

[1] Petitioner's motion to withdraw his guilty plea was denied by Judge Thornburg on March 24, 2009, in open court and the denial was later memorialized in a written order. [Id., Doc. 26: Order]. As will be noted herein, Petitioner challenged this ruling on appeal, but the Fourth Circuit affirmed the disposition of his challenge to his guilty plea.

Court's disposition of his motion to withdraw his guilty plea and arguing that the Court committed reversible error during his sentencing hearing. Petitioner's arguments were rejected and his judgment affirmed in all respects. United States v. Self, 393 F. App'x 47 (4th Cir. 2010) (unpublished). Petitioner did not seek review from the United States Supreme Court.

On August 22, 2011, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255.[2] Petitioner raised a claim of ineffective assistance of counsel contending that his counsel failed to discuss the possible application of the ACC enhancement to his sentence; that the Court abused its discretion in denying his motion to withdraw his guilty plea; and that his plea was not knowingly and intelligently made. Following an initial review, the Court found that Petitioner's claims lacked merit and on September 15, 2011, his § 2255 motion was denied and dismissed. [Civil Case No. 2:11-cv-00030-MR, Doc. 5]. Petitioner appealed and the Fourth Circuit dismissed the appeal. United States v. Self, 465 F. App'x 255 (4th Cir. 2012) (unpublished).

On December 4, 2013, Petitioner, through counsel, filed a second § 2255 motion in an effort to challenge his ACC designation. Petitioner

---

[2] Disposition of the Section 2255 motion was assigned to the undersigned following Judge Thornburg's retirement.

4

states that he retained counsel in November 2010 in order to raise a challenge to his previous convictions for armed robbery, and that subsequently, all but one of his previous convictions for armed robbery had been vacated. In his state habeas proceeding, the state court which vacated the armed robbery convictions found that Petitioner's Sixth Amendment right to counsel was violated because his state counsel labored under a fatal conflict of interest when he represented his co-defendants who participated in the same armed robberies. A plea agreement was reached with the state which provided that all three defendants must agree to plead guilty in order for any of the defendants to receive the benefit of the agreement. [See Doc. 3-1].

In light of these vacated convictions, Petitioner asserts that he no longer has the predicate convictions to support his designation as an ACC, and he is therefore entitled to an order vacating his sentence under § 2255. When addressing the issue of timeliness, Petitioner maintains that this Court can reach the merits of this § 2255 motion because it was filed within one year of the date that the Georgia state court vacated his convictions, which occurred on December 12, 2012. [See Doc. 3 at 4-5]. See 28 U.S.C. § 2255(f)(4).

On December 5, 2013, Petitioner with the consent of the Government filed a motion to stay the instant § 2255 proceeding, noting that a petition for authorization to file a successive habeas petition was then pending before the Fourth Circuit. [Doc. 2]. On January 10, 2014, the Fourth Circuit entered on Order denying Petitioner's motion for authorization to file a successive petition under 28 U.S.C. § 2244. In re: Rodney Lamar Self, No. 13-413 (4th Cir. filed Jan. 10, 2014). [Criminal Case No. 2:08-cr-00028-MR, Doc. 47].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As Petitioner recognizes in his motion, there are express limitations on a district court's jurisdiction to entertain the merits of a successive §

6

2255 motion. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a specific restraint on a prisoner's ability to bring a second, or successive motion under § 2255, providing in relevant part:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Fourth Circuit has expressly declined to provide the necessary certification so that Petitioner might pursue a successive § 2255 motion. Accordingly, this Court is without jurisdiction to consider the merits of the present § 2255 motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in

order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IV. CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Judgment or Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 3] is **DENIED** and **DISMISSED** as a successive § 2255 motion.

**IT IS FURTHER ORDERED** that Joint Motion to Hold Case in Abeyance [Doc. 2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**   Signed: January 20, 2014

Martin Reidinger
United States District Judge