**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:13-cv-00049-MR
[Criminal Case No. 2:08-cr-00028-MR]**

| | |
|---|---|
| RODNEY LAMAR SELF, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Reconsider Order Denying and Dismissing Motion to Vacate Judgment or Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 6]. For the reasons that follow, Petitioner's motion for reconsideration will be denied.

**I.  BACKGROUND**

On August 5, 2008, the Petitioner was charged in a Bill of Indictment with one count of possession of a firearm after having been convicted of a felony, in violation 18 U.S.C. § 922(g)(1). [Criminal Case No. 2:08-cr-00028-MR ("CR"), Doc. 1: Indictment].  On October 1, 2008, the Petitioner entered into a written plea agreement with the Government.  [CR Doc. 12: Plea Agreement].  The Plea Agreement contained a standard appellate waiver,

pursuant to which the Petitioner agreed to waive all rights to contest his conviction and sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 18].

A presentence report (PSR) was prepared in advance of Petitioner's sentencing hearing. In the PSR, the probation officer identified eight (8) counts of armed robbery for which Petitioner had been convicted: seven counts were sustained in Whitfield County, Georgia, on January 24, 1985, and the eighth count was sustained in Bibb County, Georgia, on October 2, 1992. [CR Doc. 17: PSR at ¶¶ 4, 28, 29]. Based on these prior convictions for armed robbery, the probation officer recommended finding that the Petitioner qualified for a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. [Id.].

On March 25, 2009, Petitioner appeared before the Honorable Lacy H. Thornburg for sentencing.[1] Judge Thornburg found that the Petitioner qualified as an armed career criminal, and therefore sentenced him to the mandatory minimum of 180 months' imprisonment. The Petitioner appealed, but the United States Court of Appeals for the Fourth Circuit affirmed the

---

[1] Following Judge Thornburg's retirement, this matter was reassigned to the undersigned.

judgment in all respects. United States v. Self, 393 F. App'x 47 (4th Cir. 2010).

On August 22, 2011, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. Upon initial review, the Court denied and dismissed the Petitioner's motion. [Civil Case No. 2:11-cv-00030-MR, Doc. 5]. The Petitioner appealed, but the Fourth Circuit dismissed the appeal and denied a certificate of appealability. United States v. Self, 465 F. App'x 255 (4th Cir. 2012).

On December 4, 2013, the Petitioner, through counsel, filed a second § 2255 motion, challenging his armed career criminal designation on the ground that all but one of his previous convictions for armed robbery had since been vacated.[2] [See Doc. 3-1]. The Petitioner simultaneously sought to stay the action pending resolution of a petition for authorization to file a successive habeas petition which was then pending before the Fourth Circuit. [Doc. 2]. On January 10, 2014, the Fourth Circuit entered on Order denying the Petitioner's motion for authorization to file a successive petition under 28 U.S.C. § 2244. In re Self, No. 13-413 (4th Cir. filed Jan. 10, 2014).

---

[2] The Petitioner had filed a habeas corpus petition in the Georgia state courts on June 6, 2012. [Doc. 3-1 at 7]. The state court entered an Order granting Petitioner's habeas corpus petition and vacating seven of his armed robbery convictions on December 12, 2012. [Doc. 3-1 at 24].

On January 21, 2014, this Court entered an Order denying the Petitioner's motion as a successive petition. [Doc. 4].

The Petitioner did not appeal or otherwise seek a certificate of appealability from the Fourth Circuit. Instead, on October 30, 2014, the Petitioner, again through counsel, filed the present motion seeking reconsideration of the Court's Order in light of the recent decision of the Fourth Circuit in United States v. Hairston, 754 F.3d 258 (4th Cir. 2014). [Doc. 6]. The Court directed the Government to respond to the Petitioner's motion, which the Government did on June 17, 2015. [Doc. 8]. The Petitioner filed a reply to the Government's response on July 20, 2015. [Doc. 9].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court may relieve a party from a final judgment for specific reasons, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment or a judgment that has been satisfied, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Rule "codifies inherent judicial powers that were previously exercised through a gaggle of common-law writs, which the rule abolishes." United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003).

While Rule 60(b) is a rule of civil procedure, it applies to proceedings filed under 28 U.S.C. § 2255 "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts; <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 534 (2005) ("Rule 60(b) has an unquestionably valid role to play in habeas cases.").

**III.   DISCUSSION**

In its response to Petitioner's motion to reconsider, the Government concedes that under <u>United States v. Hairston</u>, 754 F.3d 258 (4th Cir. 2014), the Petitioner's motion to vacate should not have been dismissed as a second or successive petition. In <u>Hairston</u>, the petitioner pleaded guilty to drug-trafficking offenses and was sentenced to 324 months' imprisonment, a sentence that was later reduced to 210 months. <u>Hairston</u>, 754 F.3d at 259. The petitioner's advisory Sentencing Guidelines range of imprisonment was determined, in part, based on his prior conviction for driving with no operator's license under North Carolina law. <u>Id.</u> Within a year of the date that his judgment was entered, the petitioner filed an initial motion to vacate under § 2255, which was denied. <u>Id.</u> Also that year, the petitioner filed a motion in the North Carolina state courts, seeking to vacate his conviction for driving with no operator's license. <u>Id.</u> Although this motion was not

initially successful, the petitioner continued to file motions to vacate. Id. The state court ultimately vacated the conviction eight years later. Id. The petitioner then returned to the district court to file a second motion to vacate under § 2255, which was dismissed as an unauthorized second or successive motion. Id.

The petitioner appealed, and the Fourth Circuit granted a certificate of appealability and vacated this Court's order dismissing the petitioner's motion as successive. In so doing, the Fourth Circuit held that "a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." Hairston, 754 F.3d at 262. Concluding that the petitioner's claim was unripe at the time his numerically first motion was adjudicated, the Court held that the petitioner's motion to vacate was not successive. Id.

Applying Hairston to the instant case, the Government concedes that the Petitioner's 2013 motion to vacate, though second in time, was not a successive motion to vacate for purposes of § 2255(h), because at the time Petitioner's first motion to vacate was adjudicated, his 1985 armed-robbery convictions had not been vacated by the Georgia state court and the facts supporting his second motion, therefore, were not available to him. As such,

the Government contends, this Court improperly dismissed Petitioner's second motion to vacate as successive.

The Government nevertheless contends, however, that the Court was correct in dismissing the Petitioner's motion on two independent grounds. First, the Government argues that in his plea agreement, the Petitioner waived his right to seek post-conviction relief on the grounds raised in his motion. Second, the Government argues that, even if the Petitioner had not waived his right to seek post-conviction relief, he did not act with the due diligence necessary for his second motion to vacate to be considered timely filed. The Court will address each of these arguments in turn.

Contrary to the Government's contention, the Petitioner's claim is not barred by his appellate waiver. While the Petitioner's plea agreement includes a waiver of all rights to appellate and post-conviction relief except on the grounds of prosecutorial misconduct and ineffective assistance of counsel, it is well-established that "a defendant could not be said to have waived his right to ... review of a sentence imposed in excess of the maximum penalty provided by statute . . . ." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Here, without the ACCA enhancement, the Petitioner would have faced a statutory *maximum* sentence of 120 months. See 18 U.S.C. § 924(a)(2). With the ACCA enhancement, however, the

Petitioner faced a mandatory *minimum* sentence of at least 180 months. See 18 U.S.C. § 924(e). Because his vacated convictions invalidate the recidivist enhancement he received under the ACCA, the Petitioner received a sentence greater than the maximum sentence he should have faced. The appellate waiver set forth in the plea agreement, therefore, does not bar the Petitioner's present claim.

While the Petitioner's claim is not barred by the appellate waiver of his plea agreement, the Court finds that the Petitioner failed to act with the due diligence necessary for the present motion to vacate to be considered timely filed. Section 2255 generally provides for a one-year statute of limitations for the filing of an initial motion to vacate:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, the Petitioner argues that his motion is timely pursuant to subsection (f)(4), as he filed within one year of receiving notice of the entry of the order vacating his state convictions. The question remains, however, as to whether the Petitioner acted diligently in pursuing the vacatur of his state convictions in the first place.

In <u>Johnson v. United States</u>, the Supreme Court held that the vacatur of a petitioner's prior conviction that supported a sentence enhancement is a fact that triggers the one-year time period under § 2255(f)(4) as of the date the petitioner receives notice of that vacatur, so long as the petitioner "act[ed] diligently to obtain the state-court order vacating his predicate conviction." 544 U.S. 295, 310 (2005). Applying that rule to Johnson, the Court concluded that he had not acted with sufficient due diligence, as he failed to file his state habeas petition until more than three years after entry of the district court's judgment. <u>Id.</u> at 311. Moreover, the Court noted that Johnson offered no explanation for his delay, beyond arguing that he was proceeding *pro se* and lacked familiarity with the legal procedures. The Court rejected

9

Johnson's argument, noting that the Court had "never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness . . . ." Id. Concluding that Johnson had not been diligent in seeking vacatur of his state convictions, the Court concluded that his motion to vacate was untimely. Id.

Turning to the present case, this Court entered its judgment sentencing the Petitioner as an armed career criminal on March 26, 2009. The Petitioner, however, did not file his state habeas petition until June 6, 2012, more than three years later. As Johnson makes clear, a defendant who delays the filing of his state habeas petition for more than three years after the imposition of the enhanced sentence has not acted with the due diligence required to re-open the limitations period under § 2255(f)(4).

The Petitioner contends that he acted with due diligence, despite the three-year lapse between his federal conviction and the filing of his state court habeas petition. In so arguing, he relies upon the Affidavit of Richard K. Murray, the attorney whom he hired to represent him in the state habeas proceeding. Mr. Murray states that the Petitioner retained his services on November 9, 2010. [Murray Aff., Doc. 9-1 at ¶ 3]. Mr. Murray recounts in his affidavit that he incurred several impediments to gathering evidence regarding the Petitioner's state convictions, including (1) that the Petitioner's

original attorney had died, leaving Mr. Murray to "piece together the various aspects of the case from the codefendant"; (2) that it took 8-9 months for the state clerk of court to locate the original court file as it had been moved to a warehouse facility; (3) that the recordings of the various state court proceedings could not be located by the chief court reporter and the original court reporter who generated the recordings no longer worked for the county and could not be located; and (4) that the original sentencing judge had since retired. [Id.]. Mr. Murray further states that "[a]fter being told on multipl[e] occasions over a 12 month period that the transcript was not going to be obtainable, I proceeded to file the action without the transcript." [Id.].

The evidence presented by the Petitioner established that he failed to act with due diligence in seeking the vacatur of his state convictions. First, the Petitioner waited over *19 months* after the imposition of judgment to even retain an attorney to file a habeas petition on his behalf. This delay alone demonstrates a lack of diligence on the Petitioner's part. See, e.g., Garrett v. United States, Nos. CV412-237, CR499-133, 2013 WL 652563, at *3 (S.D. Ga. Feb. 21, 2013) (finding petitioner who hired counsel within eight months of federal conviction did not act diligently); see also Arroyo v. United States, 359 F. App'x 118, 121 (11th Cir. 2009) (finding that petitioner did not act diligently where he did not begin to seek records pertaining to his state

convictions until nine months after his federal conviction and he wrote only six letters seeking copies of state records over a three-and-a-half year period).

Once counsel was hired, another *18 months* lapsed before the state habeas petition was filed. While the Petitioner's attorney claims that this delay was necessary in part in order to obtain the original court file, there is nothing to suggest that counsel was not aware of the basic facts of the Petitioner's case such that he could have filed the petition in a timely manner without the benefit of the original court file. Further, the Petitioner's attorney spent at least twelve months seeking the recordings of the state court proceedings, despite being "repeatedly" told that the tapes were not going to be available. Again, there is nothing to indicate that the Petitioner's attorney lacked the essential facts necessary to file the petition without these recordings. Indeed, the fact that the Petitioner's attorney ultimately decided to file the petition without the benefit of these recordings indicates that they were *not*, in fact, necessary to the filing of the petition.

Courts have held that similar delays, whether the result of the petitioners themselves or their attorneys, do not establish due diligence sufficient to satisfy <u>Johnson</u>. <u>See</u> <u>In re Milton</u> 155 F. App'x 614, 617 (3ᵈ Cir. 2005) (finding that petitioner did not act with due diligence where petitioner

took no action to have state convictions set aside until 22 months after federal sentence imposed); Garrett, 2013 WL 652563, at *3 (finding no due diligence where petitioner waited 219 days to contact counsel and filed vacatur petition 838 days after federal conviction); Wright v. United States, No. 7:06-CV-68(HL), 2007 WL 3090804, at *5 (M.D. Ga. Oct. 19, 2007) (finding that where petitioner hired attorney to seek vacatur of conviction within one year of federal conviction, 21-month delay in filing vacatur petition was not reasonable; petitioner's argument that attorney's delay should not be attributed to him "is not supported by law"), aff'd, 301 F. App'x 871 (11th Cir. 2008). For the foregoing reasons, the Court concludes that, although the Petitioner's motion to vacate should not have been dismissed as successive, the Petitioner's motion was nevertheless properly subject to dismissal as being untimely.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding

that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Reconsider Order Denying and Dismissing Motion to Vacate Judgment or Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**  Signed: September 12, 2015

Martin Reidinger
United States District Judge